[Cite as *In re Estate of Ashworth*, 2026-Ohio-3110.]

IN THE COURT OF APPEALS OF OHIO

TENInT H APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Estate of: | : | |
| Wendy S. Ashworth, | : | No. 25AP-832 |
| | | (Prob. No. 615127) |
| [Alexandra Ashworth, Administrator of the Estate, | : | |
| | : | (REGULAR CALENDAR) |
| Appellant]. | : | |
| | : | |

D E C I S I O N

Rendered on August 13, 2026

**On brief:** *Meyers, Roman, Friedberg & Lewis, Ronald P. Friedberg*, and *Abigail M*. Sims, for appellant. **Argued:** *Ronald P. Friedberg*.

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

JAMISON, J.

{¶ 1} Appellant, Ronald P. Friedberg, attorney for the estate, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, ordering attorney fees be reduced to the amount of $6,000.00. For the following reasons, we affirm that judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This appeal stems from an action in the Franklin County Court of Common Pleas, Probate Division. Upon resolution of the matter, counsel for the estate applied for attorney fees in the amount of $30,000.00 and costs in the amount of $1,356.38. The trial court heard the case on July 15, 2025. First, the court found that counsel did not apply to the court for authority to enter into a contingent fee contract with Orchard, the unclaimed funds company, and the estate. Second, the court found that the contingent fee agreement

was insufficient because counsel did not sign it.  The court thereby declared the agreement as void and unenforceable.  Regarding the reasonableness of the attorney fees, the court held that appellant failed to prove the fees were reasonable.

{¶ 3}  Accordingly, the trial court reduced the attorney fees and ordered $6,000.00 in fees and $1,356.38 in costs to be approved and paid from the estate.  On September 25, 2025, appellant timely appealed the trial court's decision but did not file a transcript.

## II.  ASSIGNMENT OF ERROR

{¶ 4}  Appellant assigns the following as trial court error:

> The probate court abused its discretion by reducing Appellant's counsel's requested attorney fees by 80%, from $30,000 to $6,000, in its August 27, 2025 Judgment Entry Approving Attorney Fees in Part.

## III.  LEGAL ANALYSIS

{¶ 5}  In appellant's sole assignment of error, he contends that the trial court abused its discretion by reducing the attorney fees.  The burden of affirmatively demonstrating error on appeal rests with appellant. *Lundeen v. State Med. Bd. of Ohio*, 2013-Ohio-112, ¶ 16 (10th Dist.).  App.R. 9(B)(4) explicitly states, "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion."  Further, the Supreme Court of Ohio said, "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. . . . Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage . . ." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988).  Finally, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 6}  Appellant failed to file a transcript despite a duty to do so for this court to conduct a review for abuse of discretion.  Moreover, appellant has provided no affidavit to

aver that a transcript was not available of the proceedings. Thus, App.R. 9(C) and (D) are not applicable. It follows that without a transcript of the proceedings, this court cannot review whether the trial court abused its discretion and therefore must presume the validity of the proceedings. *Knapp* at 199. " '[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " (Further quotation marks deleted and citation omitted.) *Lias v. Beekman*, 2007-Ohio-5737, ¶ 6 (10th Dist.), quoting *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 51 (10th Dist.). Because appellant failed to support the alleged error with a transcript or alternative form of the record permitted by App.R. 9, we presume the validity of the trial court's rulings. Appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 7} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

DORRIAN and DINGUS, JJ., concur.

———————————